### MASON v. ST. ALBANS FURNITURE CO.

(District Court, D. Vermont. December 6, 1906.)

**1. ESTOPPEL—ACTS IN PAIS.**

A party is not estopped by acts in pais done under a misapprehension of facts induced by the party seeking to avail himself of the estoppel.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Estoppel, §§ 128–135.]

**2. BANKRUPTCY—CLAIMS—BURDEN OF PROOF.**

The burden rests upon one making claim against the estate of a bankrupt for salary under a contract to prove the contract, and that the services contracted for were fairly rendered, and if he fails to do so his claim cannot be allowed for the contract price, but only on a quantum meruit as to which the burden of proof also rests upon him.

In Bankruptcy. On report of referee.

V. A. Bullard, for petitioner.

A. A. Hall and Lee S. Tillotson, for petitionee.

MARTIN, District Judge. This case has been heard by the referee, who allowed the claim subject to the approval of the court. The trustee in bankruptcy filed exceptions to the report and appealed; also filed a petition, setting forth the grounds upon which he claimed error relating to the allowance of the claimant's account for services as business manager for the bankrupt covering a period of over a year and four months. It appeared on hearing that the claimant's services were rendered under a contract as follows:

"That the said O. R. Mason for the consideration hereinafter mentioned covenants and agrees to assume the management of the factory owned by the party of the second part, and devote at least two days a week to said business, and to furnish the services of L. C. Whipple as superintendent, or another person of equal ability, for the term of one year from date; and that in consideration thereto the said St. Albans Furniture Company shall pay to the said O. R. Mason for the services above mentioned during the term aforesaid the sum of four thousand dollars ($4,000), payable monthly; that the St. Albans Furniture Company will provide the said O. R. Mason without cost to him railroad transportation."

At the hearing before the referee, the trustee contended that the claimant failed to perform his contract with said furniture company according to its intent and meaning as understood by the parties. Upon this contention, the referee reports that he finds from the evidence "various sufficient causes for criticism of the claimant's management, but he finds no evidence that the claimant's services were worth less than the amount charged under the contract, and there is no evidence to show how much less, if any, the services were worth, and the referee cannot undertake to decide the value of the services rendered under the rule of quantum meruit without substantial evidence upon which to base such decision. Furthermore, Mr. Mason's management and services were indorsed by the bankrupt company in the re-engagement August 1, 1904, only a little over four months before the bankruptcy. The referee cannot well hold that there was a nonfulfillment of contract when the bankrupt almost up to the very date of bankruptcy approved the manner of the fulfillment of the contract."

He also reports as follows:

"It was insisted by the trustee that the evidence showed the re-employment was made upon misrepresentations by said Mason as to the inventory, and that, as regards the trustee, Mr. Mason, as an officer, became managing agent, and was to be treated, regarded, and held accountable as such. The trustee also insists that under the facts shown Mr. Mason should only be allowed upon the basis of quantum meruit, but the referee did not measure or make any deduction on this basis, for the reason that the trustee did not show what the services of the said Mason were actually worth. If the referee was in error in either of these positions taken, and the contention of the trustee should prevail on either point; that is, if the trustee was not estopped from claiming the reduction, and if, from the evidence, the referee is at liberty to find what deductions, if any, should be made, on account of the alleged shortages of duty, then the report should be recommitted for further consideration as to the amount of damages."

The holding by the referee that the defendant was estopped in this defense because of the rehiring of the claimant, as above stated, without reporting the facts disclosed by the evidence before him on the question of the claimant's performance of his duties under the contract,

and whether the officers of the company, at the time of said rehiring, were or were not deceived by the claimant, was error, as estoppel proceeds upon the ground that he who has been silent as to his alleged rights when he ought, in good faith, to have spoken, shall not be heard to speak when he ought to be silent. If at the time of the rehiring of the claimant, the defendant company was misled as to the character and efficiency of the claimant's services during the preceding year, that is no reason why they may not be heard to speak whenever such shortage of duty is discovered.

This cause was referred by my predecessor to the referee to find and report the facts, and, as to this point, the referee has reported his conclusions of law without stating the facts under which the parties acted. The referee also holds that it is incumbent upon the defendant to show damages suffered by the claimant's failure to perform, whereas, in the opinion of the court, it is incumbent upon the claimant to prove his contract, and that he fairly performed the services called for by it, and upon this, the burden of proof is with the claimant. If he failed to make out this issue by a fair balance of evidence, he cannot recover the contract price. His only recovery then is that of quantum meruit, and as to this, the burden of proof still remains upon the claimant. If the referee is satisfied, from all the evidence before him, that there was a substantial shortage on the part of the claimant in the performance of his duties under the contract, he should only allow him what his services were fairly worth from the evidence submitted, bearing in mind that the burden of proof is on the claimant. If, however, the referee finds that the claimant fairly performed his duties, the question as to whether the claimant's services were worth the contract price or not does not arise, for the parties fixed the price. It was suggested on hearing by counsel on both sides that the court review the evidence and pass upon all the questions raised, but as the referee saw the witnesses and heard them testify, he can more readily adjust the matter than the court.

Cause recommitted for further consideration by the referee and further hearing, if he deems it necessary.